IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MICHAEL ANTHONY JOHNSON, JR.

    Plaintiff,

v.

MICRO-MOM SCOOTERS, LLC

    Defendant.

___

**DEFENDANT'S NOTICE OF REMOVAL**
___

Defendant, Micro-Mom Scooters, LLC ("Micro-Mom"), by and through its attorneys, Treece Alfrey Musat P.C., removes to Federal Court a matter now pending before the Colorado District Court, Douglas County (the "State Court Action") based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and its removal jurisdiction by virtue of 28 U.S.C. § 1446(a) and (b), as diversity jurisdiction exists between the parties and the amount in controversy exceeds $75,000. As grounds for this removal, Defendant Micro-Mom states as follows:

**REMOVAL IS TIMELY**

1. As of the filing of this Notice of Removal, Micro-Mom had been named as the Defendant in the State Court Action, Case No. 2020CV30722, filed in the District Court of Douglas County, Colorado, styled *Michael Anthony Johnson, Jr. v. Micro-Mom Scooters, LLC*. A copy of the Original Complaint and Jury Demand filed in the State Court Action is included herewith as **Exhibit A**.

1

2. Plaintiff's Original Complaint was filed on September 11, 2020, and Micro-Mom was first served with Plaintiff's Complaint on September 24, 2020. Therefore, this case is being remove within thirty (30) days of service pursuant to 28 U.S.C. 1446(b)(1) and is timely. This Notice of Removal is also being filed less than one year after the State Court Action was commenced, and is also therefore timely pursuant to 28 U.S.C. § 1446(c)(1).

## BASIS FOR REMOVAL

3. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A.  There is Complete Diversity**

4. In his Original Complaint, Plaintiff Michael Anthony ("Bo") Johnson, Jr. acknowledges that he is a resident of the State of Colorado. [**Exhibit A**, ¶ 2].

5. Both at the time the lawsuit was originally filed, and at the time of removal, Defendant Micro-Mom was a Michigan limited liability company. [*Id.*, ¶ 3]. Micro-Mom does not have any members of its limited liability company who are residents or citizens of the State of Colorado, nor does Micro-Mom maintain any offices in the State of Colorado. Complete diversity therefore exists between the parties hereto.

**B.  The Amount in Controversy Exceeds $75,000.00**

6. Where, as here, a complaint does not contain a controlling ad damnum clause, the removing defendant must allege by a "preponderance of the evidence" that "the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Such a showing is satisfied where the removing defendant's Notice of Removal presents jurisdictional facts supporting the "assertion that this case may involve more than $75,000." *Id*.

at 955. A Civil Cover Sheet filed with the Complaint may also serve as an "other paper" pursuant to 28 U.S.C. § 1446(b)(3) which may trigger removal jurisdiction. *See Paros Prop. LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

7. Here, Plaintiff's Complaint alleges the following specific items of bodily injury as a result of this incident:

  (a) laceration of right internal jugular vein;

  (b) laceration of right ear;

  (c) laceration of forehead;

  (d) laceration of muscle, fascia, and tendon at neck level;

  (e) physical and mental pain and suffering, past and future;

  (f) loss of life enjoyment and impairment of quality of life, past and future;

  (g) permanent physical impairments;

  (h) loss of earnings and earning capacity, past and future; and

  (i) medical, hospital, therapy and related expenses, past and future.

**Ex. A**, p. 2, ¶ 7.

8. Although Defendant denies that it can be held legally liable for any of Plaintiff's injuries, damages, and losses as a result of this incident, the physical injuries suffered by Plaintiff as claimed in this matter are more likely than not to result in damages claimed above the $75,000.000 jurisdictional threshold for diversity jurisdiction.

9. Plaintiff also filed a Civil Cover Sheet in the State Court Action stating that Plaintiff is seeking a monetary judgment against Defendant in excess of $100,000.00. **Ex. B** hereto. Additionally, Plaintiff filed a Notice to Elect Exclusion from C.R.C.P. 16.1 Simplified

Procedure on the basis that the amount sought is in excess of $100,000.00. **Ex. C** hereto.

10. Based on the information which is presently available to Defendant, the amount in controversy appears to exceed the jurisdictional threshold of $75,000 pursuant to 28 U.S.C. § 1332(a). Because diversity of citizenship exists between the parties, this Court properly has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## OTHER REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), Defendant will supplement this filing by submitting copies of all process, pleadings, and orders filed in the State Court Action. Pursuant to D.C.COLO.LCivR 81.1(b), Defendant will also file a copy of the civil docket sheet showing all pleadings filed to date in the State Court Action.

12. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being concurrently filed with the District Court of Douglas County in the State Court Action.

13. There is complete diversity of citizenship between the parties, the amount in controversy is satisfied, and removal of this matter is timely. Therefore, Defendant Micro-Mom prays that the Court proceed with this action pursuant to the jurisdiction conferred on the Court under 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted this 23rd day of October, 2020.

     *s/ Jeremy L. Swift*
Jeremy L. Swift
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, Colorado 80202
Phone: (303) 292-2700
Fax: (303) 295-0414
jswift@tamlegal.com
*Attorney for Defendant*
*Micro-Mom Scooters, LLC*

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of October, 2020 a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was electronically filed with the Court using the CM/ECF system, and served on the following via Colorado Courts E-Filing and First-Class United States Mail, postage prepaid, as follows:

Michael J. Thomson, Esq.
Purvis Gray Thompson, LLP
4410 Arapahoe Avenue, Suite 200
Boulder, Colorado 80303
*Attorney for Plaintiff*

And on the following via electronic filing in the District Court for the County of Douglas, Colorado, Case No. 2020CV30722:

Hon. David John Stevens
District Court, Douglas County, Colorado
4000 Justice Way, Suite 2009
Castle Rock, Colorado 80109

*Original signature on file*

*/s/ Jeremy Swift*
_____