# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 20-cv-03174-RM-MEH

MICHAEL ANTHONY JOHNSON, JR.,

    Plaintiff,

v.

MICRO-MOM SCOOTERS, LLC,

    Defendant.

___

# ORDER
___

This product liability lawsuit is before the Court on Defendant's Motion for Summary Judgment (ECF No. 30) and Motion to Strike (ECF No. 35). The motions have been fully briefed. (ECF Nos. 32, 33, 36, 38.) For the reasons below, the Motion for Summary Judgment is granted, and the Motion to Strike is denied as moot.

## I. BACKGROUND

Plaintiff claims he was seriously injured in a bicycle crash that occurred while he was carrying a scooter manufactured by Micro Mobility System Ltd., a Swiss corporation. He brings this action against Defendant, the United States distributor of the scooter.

## II. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir.

2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material."  *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law.  *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact.  *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019).  If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial.  *See id.*  If it fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

**III.    ANALYSIS**

Defendant argues that it cannot be held liable in this case because Plaintiff has not established that it can be deemed the manufacturer of the scooter. On the current record, the Court agrees.

As Defendant is not the actual manufacturer of the scooter, Plaintiff relies on Colorado's innocent seller statute to assert liability against it as the distributer or seller. That statute provides, in pertinent part, as follows: "If jurisdiction cannot be obtained over a particular manufacturer of a product or a part of a product alleged to be defective, then the manufacturer's principal distributor or seller over whom jurisdiction can be obtained shall be deemed, for purposes of this section, the manufacturer of the product." Colo Rev. Stat. § 13-21-402(2).

But Plaintiff has adduced no evidence that jurisdiction cannot be obtained over the actual manufacturer. Nor has it adduced competing evidence to refute Defendant's evidence that the actual manufacturer could be served in Switzerland if appropriate steps were taken to do so. Under the circumstances, the mere assertion that the actual manufacturer is not authorized to conduct business in Colorado is insufficient to raise a genuine issue of material fact for trial. Further, although it is not Defendant's burden to establish that jurisdiction can be obtained over the actual manufacturer, Plaintiff has failed to meaningfully address Defendant's assertion that jurisdiction likely could be established over the actual manufacturer because it has been selling products in Colorado since 2007, including over twenty thousand scooters sold to customers in Colorado between 2016 and 2019, when the scooter at issue in this case is alleged to have been purchased through a website. Accordingly, Plaintiff's conclusory contention that the actual manufacturer does not appear to have purposedly directed any of its activities towards Colorado

3

residents lacks merit.

## IV.    CONCLUSION

Therefore, the Motion for Summary Judgment (ECF No. 30) is GRANTED, and the Motion to Strike (ECF No. 35) is DENIED AS MOOT. The Clerk is directed to CLOSE this case.

DATED this 6th day of July, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge